IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH ALEXANDER

    Petitioner,

v.                                                      Civil Action No. 1:07cv167
                                                    Criminal Action No. 1:06cr66
                                                    (Judge Keeley)

UNITED STATES OF AMERICA

    Respondent.

## OPINION/REPORT AND RECOMMENDATIONS

On December 5, 2007, the *pro se* petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. The United States filed a response to the petition on March 21, 2008. This case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 83.01, et seq., and Standing Order No. 4.

**I.  Procedural History**

**A.  Conviction and Sentence**

On October 18, 2006, the petitioner signed a plea agreement by which he agreed to plead guilty to Count One of the Indictment charging him with conspiracy to possess with the intention of distributing and to distribute in excess of 50 grams of cocaine base in violation of Title 21, United States Code, § 841(a)(1) and § 841(b)(1)(A). See Plea Agreement (dckt. 58) p. 1. On January 9, 2007, the petitioner was sentenced to 125 months imprisonment and supervised release of 5 years. See Sentencing Oder (dckt. 71) pp. 2-3.

**B.  Direct Appeal**

The petitioner did not file a direct appeal for his conviction and sentence.

C. **Federal Habeas Corpus**

Petitioner's Contentions

(1) Conviction was obtained while petitioner was under the influence and withdrawal of mind altering prescription drugs; and

(2) Ineffective assistance of counsel for

    (a) failing to inform the Court regarding the petitioner's mental problems and drug/medication influence problem during the Rule 11 hearing and the sentencing hearing.

Government's Contentions

(1) Petitioner was fully conscious and lucid when entering his guilty plea.

(2) The Court had knowledge of the petitioner's physical and mental problems.

II. **Analysis**

A. **Plea Obtained While Under the Influence of Drugs**

Petitioner asserts his plea was not voluntary and knowing because he was under the influence of drugs when he entered his guilty plea. Before a court accepts a guilty plea, the court must determine that the defendant is competent to enter the plea and that the plea is knowing and voluntary. Godinez v. Moran, 509 U.S. 389 (1997).

In order for petitioner to be successful on his claim that he was under the influence of drugs when he plead guilty, the petitioner must demonstrate that "his mental faculties were so impaired by drugs when he pleaded that he was incapable of full understanding and appreciation of the charges against him, of comprehending his constitutional rights and of realizing the

2

consequences of his plea." United States v. Truglio, 493 F.2d 574, 579 (4th Cir. 1974) (quoting United States v. Malcolm, 432 F.2d 809, 812 (2d Cir. 1970)).

In this case, the petitioner fails to meet his burden of proof. The petitioner only makes a bare allegation that his plea was involuntary because he "was under the influence and withdrawal of mind altering prescribed drugs. . . ." See Motion (dckt. 1) p 5. Petitioner testified he was taking Xanax, Methadone, Trazodone, Lexapro and a couple of anti-depressants. See Plea Transcript (dckt. 98) pp 11-12. However, petitioner never asserted he suffered from any of the side effects of these drugs. Nonetheless, the petitioner asserts the Court erred in failing to inquire as to what effect if any, the medications had on his ability to enter a knowing and intelligent plea.

"Rule 11 counsels a district court to make further inquiry into a defendant's competence to enter a guilty plea once the court has been informed that the defendant has recently ingested drugs or other substances capable of impairing his ability to make a knowing and intelligent waiver of his constitutional rights." United States v. Damon, 191 F.3d 561, 564 (4th Cir. 1999) (quoting United States v. Cole, 813 F.2d 43, 46 (3d Cir.1987)).

Here, the Court complied with Rule 11. During petitioner's plea hearing, the Court inquired regarding what medication, if any, the petitioner had taken prior to the hearing. In response to the Court's questions, the petitioner acknowledged that (1) within 24 hours of the plea hearing, he had taken a half of Xanax and one Methadone pill, but he was not under the influence of alcohol, illegal drugs or non-prescribed medications; See Transcript of Plea Hearing (dckt. 98) p. 12. (2) he fully understood the charges against him; Id. at 22. (3) he was guilty of the relevant count; Id. at 43. (4) he understood and agreed with the terms of the written plea

3

agreement; Id. at 22. (5) his plea was voluntary and entered without coercion; Id. at 45. (6) he had ample time to discuss his case with his counsel; Id. at 38. and (7) he was satisfied with counsel's services. Id. at 46.

"Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." Fields v. Attorney Gen. of Maryland, 956 F.2d 1290, 1299 (4th Cir. 1992), *cert. denied*, 506 U.S. 885 (1992). A defendant's statements at the plea hearing are "strong evidence" of the voluntariness of the plea agreement. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991), cert. denied, 503 U.S. 997 (1992) And, "findings by a sentencing court in accepting a plea 'constitute a formidable barrier' to attacking the plea. United States v. Lambey, 949 F. 2d 133, 137 (4th Cir. 1991) (quoting Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)).

Morever, the Court noted during the plea hearing that the petitioner was alert and competent. See Plea Transcript (dckt. 98) p 46. Consequently, there is no evidence that the petitioner's mental facilities were adversely affected by the medications he had taken prior to the plea hearing, and based on the answers petitioner provided the Court during that plea hearing, the Court did not need to make further inquiry into what effect, if any, the Xanax and Methadone had on him. Therefore, petitioner's claim that his plea was not voluntary and knowing because he was under the influence of drugs and that the Court failed to properly conduct the Rule 11 hearing is without merit.

Furthermore, the record from the his sentencing hearing also shows that the petitioner was fully alert during the proceedings. In the early part of the sentencing hearing, the Court asked the petitioner about the absence of objections to the pre-sentence report. See Sentencing

4

Transcript (dckt. 98) p.57. The petitioner did not raise any issue about his mental state. Id. The petitioner was given an opportunity to bring anything of concern to him to the Court's attention. However, the petitioner did not express to the Court that he did not understand the proceedings or was incoherent during the proceedings. Id. at 65. Therefore, petitioner's claim that his plea and sentence were not voluntary and knowing because he was under the influence of drugs and that the Court failed to properly conduct the sentencing hearing is without merit.

B. **Ineffective Assistance of Counsel**

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court of the United States established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the test requires the petitioner demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." Strickland at 688. The second prong requires the petitioner to show that the deficient performance prejudiced the defense. Id. at 687. In order to satisfy the prejudice requirement of the two-prong test set forth in Strickland, defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart v. Fretwell, 506 U.S. 364 (1993).

In addition, "a defendant who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet." Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). In the case of a guilty plea, the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985) (footnote omitted); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). "A reasonable probability is a probability

5

sufficient to undermine confidence in the outcome." Strickland 466 U.S. at 694.

It is further noted that a Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. Strickland 466 U.S. at 689-90. Moreover, there are no absolute rules in determining what is reasonable performance. See Hunt v. Nuth, 57 F.3d 1327, 1332 (4th Cir. 1995) (counsel's representation is viewed on the facts of a particular case and at the time of counsel's conduct).

The petitioner contends that his counsel should have told the Court about his mental and physical state during the proceedings. However, as shown at length in the previous section, during the proceedings, the Court thoroughly examined the petitioner's mental and physical state. Based on its own examination, the Court found the petitioner to be alert and competent to proceed. Furthermore, at the Rule 11 hearing, when asked by the Court if counsel had adequately represented him, the petitioner and the Court had the following exchange;

> THE COURT: And has Mr. Kornbrath adequately represented you?
>
> THE DEFENDANT: He's a good man.
>
> THE COURT: Good man, so yes, he has?
>
> THE DEFENDANT: Very well.
>
> THE COURT: Okay. Thank you. And has he left anything undone that you think he should have undertaken in connection with this case?
>
> THE DEFENDANT: Nothing I know of, Your Honor."

See Plea Hearing Transcript (dckt. 98) pp. 45-46.

Hence, petitioner, by his very own words, stated that there was nothing counsel should have

done to explain to the Court about his alleged condition. The Petitioner offers no shred of evidence that he told his counsel that he was impaired on the day of his plea hearing, thereby imposing a duty on his counsel to so advise the Court. Therefore, petitioner's contention is devoid of any factual basis and should be dismissed.

### III. Recommendation

For the reasons set forth herein, the undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion and **DISMISSING** this case with prejudice.

Within ten (10) days after being served with a copy of this Opinion/Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to counsel of record via electronic means.

DATED: June 6, 2008.

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE